UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMONTAE BREAUN NELSON,

Plaintiff,

v.                                                      CASE NO. 1:25-CV-525-HAB-ALT

ALLEN SUPERIOR COURT,

Defendant.

## OPINION AND ORDER

Pro se Plaintiff, Jamontae Breaun Nelson, initiated this action against the Allen Superior Court relating to an ongoing state court child support/paternity case. (ECF No. 1). Plaintiff, whose complaint adopts language typical of the sovereign citizen movement, seeks declaratory relief on issues of jurisdiction and enforcement, as well as injunctive relief to keep the state case from proceeding. Plaintiff has also filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . . ." 28 U.S.C. § 1930(f)(1), *see*

*also* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS

Poverty Guidelines for 2025). Though this is not a Bankruptcy case, the judicial discretion

afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v.*

*Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide

whether a litigant is impoverished."). The Poverty Line is set annually by the United States

Department of Health and Human Services pursuant to 42 U.S.C. § 9902. A review of Plaintiff's

in forma pauperis petition shows that he meets the financial requirement to proceed IFP.

However, in assessing whether a plaintiff may proceed IFP, district courts have an

obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant.

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for

relief, or seeks monetary relief against a defendant who is immune from such relief. Further,

"[c]ourts... have an independent obligation to determine whether subject-matter jurisdiction

exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma*

*pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34

(1992).

Plaintiff's complaint raises allegations against the state court with respect to a state child

support or paternity action. Plaintiff alleges there is an ongoing action in Allen Superior Court

under the cause number 02D07-1212-JP-000575, references that the state action was commenced

pursuant to Title IV-D of the Social Security Act, and asks for declaratory and injunctive relief in

order to stop the state proceedings.

The court concludes that it must abstain from hearing these issues under *Younger v. Harris*, 401 U.S. 37 (1971). Exercising *Younger* abstention is appropriate where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Id.* It is proper where federal civil proceedings implicate a state's interest in enforcing orders and judgments of its courts. *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). Further, it is proper "only when state court proceedings are initiated before any proceedings of substance on the merits have taken place in the federal court." *Ewell*, 853 F.3d at 916. (internal citations omitted).

Here, the state proceeding involves important state issues regarding child support and paternity, and Plaintiff's Complaint makes clear the state court proceedings were initiated before the instant action was filed in this Court. The Court sees no exceptional circumstances that would justify this Court's effectively calling a halt to the state proceeding. For these reasons, and because the relief Plaintiff seeks can be obtained in the state court system, *Younger* abstention is appropriate.

Thus, Plaintiff's complaint will be dismissed. While a district court must generally allow a plaintiff the opportunity to file an amended complaint when it dismisses a complaint at screening, it is unnecessary in cases such as this one where the amendment would be futile. *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile.").

For these reasons, the Court:

(1) DENIES Plaintiff's request to proceed in forma pauperis (ECF No. 2); and

(2) ABSTAINS from hearing this case under the *Younger* Abstention doctrine and DISMISSES the Complaint.

3

SO ORDERED on October 6, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT